### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE JAHLIL WHITE <br> 3909 Lakenau Avenue <br> Philadelphia, PA 19131 <br><br> Plaintiff, <br><br> v. <br><br> THE DEVEREUX FOUNDATION <br> D/B/A DEVEREUX ADVANCED <br> BEHAVIORAL HEALTH <br> 444 Deveraux Drive <br> Villanova, PA 19085 <br><br> Defendant. | CIVIL ACTION <br><br> No.: _____ <br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Maurice Jahlil White (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by The Devereux Foundation d/b/a Devereux Advanced Behavioral Health (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. The Devereux Foundation d/b/a Devereux Advanced Behavioral Health is a behavioral health organization which provides services to developmentally and intellectually disabled individuals.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Defendant provides services and a variety of interventions geared at improving the health and wellbeing of children through its Devereux Pennsylvania Children's Services ("DPACS").

12. Plaintiff was employed by Defendant for over 3 years as a Program Supervisor, working within DPACS, from in or about August of 2019 until his unlawful termination (discussed further *infra*) on or about November 21, 2022.

13. Plaintiff was considered based from and worked out of Defendant's facility located at 160 Devereux Road, Glenmoore, PA 19343.

14. Plaintiff was primarily supervised by Program Director, William Smith (hereinafter "Smith").

15. Throughout Plaintiff's employment with Defendant, he was a hard-working employee who performed his job very well. Nonetheless, Plaintiff was abruptly terminated as a

result of his health conditions and requested accommodations and while out on ADA and FMLA-qualifying leave for the same.

16. Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to, anxiety and PTSD (and associated complications).

17. Despite Plaintiff's aforesaid disabilities and limitations, he was still able to perform the essential functions of his position well; however, he did require some reasonable accommodations.

18. For example, in or about March of 2022, Plaintiff reached out to Smith to request FMLA (and ADA-qualifying)[2] leave as he was experiencing a flare-up of his aforesaid serious health conditions.

19. Instead of assisting Plaintiff with the FMLA process, however, Defendant interfered with Plaintiff's FMLA rights by verbally discouraging Plaintiff from taking FMLA leave and failing to provide him with or direct him where to obtain the required FMLA paperwork for his doctor to complete.

20. Over the next several months, on multiple occasions, Plaintiff reached out to Smith and HR to obtain the necessary paperwork for his FMLA leave, but his concerns were ignored. Plaintiff was eventually able to obtain FMLA paperwork from another employee.

---

[2] Courts have consistently held that leaves of absence can constitute reasonable accommodations under the ADA. *See Bernhard v. Brown & Brown of Lehigh Valley, Inc.,* 720 F. Supp. 2d 694, 703 (E.D. Pa. 2010)(the court explained that a period of up to 3 months off from work can constitute a reasonable accommodation citing); *Conoshenti v. Public Serv. Elec. & Gas Co.,* 364 F.3d 135, 151 (3d Cir. 2004)("[T]he federal courts that have permitted a leave of absence as a reasonable accommodation under the ADA have reasoned ... that applying such a reasonable accommodation at the present time would enable the employee to perform his essential job functions in the near future."); *Sharbaugh v. W. Haven Manor, LP,* CV 14-1723, 2016 WL 6834613, at *15 (W.D. Pa. Nov. 21, 2016)(finding eight (8) months of medical leave to be a reasonable accommodation); *Shannon v. City of Philadelphia,* No. 98-5277, 1999 WL 1065210, at *6 (E.D. Pa. 1999) ("Viewing the evidence in the light most favorable to [plaintiff], the court finds that a reasonable jury could conclude that [plaintiff's] request for an additional three months of unpaid leave for medical treatment was a reasonable accommodation."); *Cameron v. YRC, Inc*., No. 18-5022, 2020 U.S. Dist. LEXIS 25804, at *7 (E.D. Pa. Feb. 14, 2020).

21.     Defendant's management, however, never informed Plaintiff of his individualized FMLA rights, as required by the FMLA. Therefore, Defendant failed to follow proper notice, designation, and informational regulations of the FMLA.[3]

22.     Thereafter, on or about November 15, 2022, Plaintiff had his doctor complete the necessary paperwork and filed for an approximate one-month FMLA leave with Defendant to care for and treat for his aforesaid health conditions (including but not limited to monitoring the change in medications), to begin on or about November 21, 2022.

23.     Plaintiff thereafter commenced his requested FMLA leave on or about November 21, 2022; however, that same day, Smith reached out to Plaintiff by text and required that Plaintiff attend a virtual/phone meeting with him at 2 p.m.

24.     In response to Smith's text that he attend a meeting at 2 p.m. on November 21, 2022, Plaintiff replied to Smith that he was out on FMLA leave, had a prior obligation/commitment scheduled for that time, and would be unable to talk then. Plaintiff also inquired to Smith via text as to what the aforesaid meeting was about, but Smith refused to tell him.

25.     Plaintiff, however, informed Smith via text that he would be happy to schedule the meeting for after Plaintiff's other obligation or any other time. Nonetheless, at 2:30 p.m. Smith continued to call Plaintiff repeatedly until Plaintiff picked up the phone, despite that he was on the phone with his previously scheduled obligation at the same time.

---

[3] Employers are required to give employees individualized notice of their FMLA rights. *Lupyan v. Corinthian Colleges Inc.,* 761 F.3d 314, 318 (3d. Cir.2014). In fact, "once an employer is on notice that an employee is taking FMLA-qualifying leave, the employer must: (1) within five business days notify the employee of his or her eligibility to take FMLA leave, 29 C.F.R. § 825.300(b); (2) notify the employee in writing whether the leave will be designated as FMLA leave, 29 C.F.R. § 825.300(d)(1); (3) provide written notice detailing the employee's obligations under the FMLA and explaining any consequences for failing to meet those obligations, § 825.300(c)(1); and (4) notify the employee of the specific amount of leave that will be counted against the employee's FMLA leave entitlement, § 825.300(d)(6). *Id.* at 318.

26. Because of Smith's repeated and persistent calls, Plaintiff answered the phone and informed Smith that he was on the phone with another party and would be happy to schedule their call for another time, as previously stated. However, Smith hostilely insisted that they talk but refused to tell Plaintiff what the call was about. Plaintiff then advised Smith that he just needed to finish his call and would call him right after, or any other time, and politely ended the call.

27. After concluding his prior commitment/call, Plaintiff received a voicemail from Smith stating that he had been terminated and not to return to work. Plaintiff's work email was then immediately shut down.

28. Nonetheless, Plaintiff reached out to HR and management several times over the next few days, to reiterate that he had been out on ADA and FMLA-qualifying medical leave when Smith called, that he would be happy to reschedule the call at any time (which Plaintiff had informed them multiple times leading up to Smith's call), and to inquire about the status of his FMLA leave. However, Plaintiff never received a response, and his work email and other accounts remained permanently disconnected.

29. Plaintiff was terminated, on or about November 21, 2022, in close temporal proximity to his request for reasonable accommodations (*i.e.,* medical leave) and **while out on medical leave** for his aforesaid health conditions.

30. Prior to abruptly terminating Plaintiff's employment, Defendant failed to accommodate Plaintiff by (1) considering his requests for/utilization of a block medical leave of absence to care for and treat his aforesaid health conditions in making the decision to terminate him; and (2) failing to hold his position open during his medical leave of absence.

31. Plaintiff believes and therefore avers that he was subjected to retaliation because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested

6

accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

32. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendant.

33. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**(1) Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities (set forth *supra*).

36. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

37. Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent and/or block time off to care for and treat for his aforesaid medical conditions.

38. Plaintiff was terminated, on or about November 21, 2022, in close temporal proximity to requesting reasonable accommodations (*i.e.,* medical leave) and **while out on** medical leave for his health conditions.

39. Prior to abruptly terminating Plaintiff's employment, Defendant failed to accommodate Plaintiff by (1) considering his requests for/utilization of a block medical leave of absence to care for and treat his aforesaid health conditions in making the decision to terminate him; and (2) failing to hold his position open during his medical leave of absence.

7

40. Plaintiff believes and therefore avers that he was subjected to retaliation because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

41. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendant.

42. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
**(Retaliation & Interference)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

45. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

46. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

47. Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

48. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

49. Plaintiff was terminated in close proximity to his request for/utilization of FMLA-qualifying leave to care for and treat for his serious health conditions.

50. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to inform Plaintiff of his individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; and (5) making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA (set forth *supra*).

51. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 31, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Maurice Jahlil White | CIVIL ACTION |
| v. |  |
| The Devereux Foundation d/b/a Devereux Advanced Behavioral Health | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 5/31/2023 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3909 Lakenau Avenue, Philadelphia, PA 19131

Address of Defendant: 444 Deveraux Drive, Villanova, PA 19085

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]    No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]    No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/31/2023    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

**A.**  *Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify): _____*
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 5/31/2023    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WHITE, MAURICE JAHLIL

### DEFENDANTS
THE DEVEREUX FOUNDATION D/B/A DEVEREUX ADVANCED BEHAVIORAL HEALTH

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits |  | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  |  | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
|  |  | 791 Employee Retirement Income Security Act |  | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  |  | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General |  |  |  |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty |  |  |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** |  |  |
|  |  540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 5/31/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Print     Save As...     Reset